C. F. Smeltzer *v.* Sumner F. Goslee, Defendant, and
George Weddell, Executor of Elijah McGrew, Deceased, Garnishee, Appellant.

*Trusts and trustees—Spendthrift trust—Will—Attachment execution.*

Testator gave the west end of his farm to A. and her four children, S.
being the oldest. He further provided as follows : " I direct my executor
to make sale of the coal of the west end, when the said S. arrives at the
age of twenty-one years ; and the proceeds to be under the control of my
executor, and to go to the use of the said A. and her four named children,
when necessity requires, share and share alike." *Held*, that the will did
not create a spendthrift trust in favor of the children.

Argued Oct. 9, 1895. Appeal, No. 133, Oct. T., 1895, by
garnishee, from judgment of C. P. Westmoreland Co., Aug. T.,
1893, No. 877, in favor of plaintiff, on attachment execution.
Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM,
MITCHELL and FELL, JJ. Affirmed.

Case stated on attachment execution.

From the case stated it appeared that in August term, 1893,
plaintiff recovered a judgment against Sumner F. Goslee, and
issued an attachment execution thereon with notice to George
Weddell, executor of Elijah McGrew, deceased. The garnishee
admitted that he had in his hands $600 to be applied to the use
of the defendant under the will of Elijah McGrew. The material portions of the will are as follows :

" 2nd. I give and bequeath to Amanda Goslee, Samuel M.
Goslee, Robert A. Goslee, Sumner Goslee and Catharine Goslee, children of the said Amanda, the west end of my farm, the
centre of the railroad to be the dividing line between the west
and east ends of said farm.

" Also, I give to the said Amanda Goslee, two horses, two sets
of horse gears, one wagon, one plough and harrow, and I direct
my executor to make sale of the coal of the west end, when
the said Samuel M. Goslee arrives at the age of twenty-one
years ; and the proceeds to be under the control of my executor, and to go to the use of the said Amanda and her four
named children, when necessity requires, share and share alike."

Under this clause, the garnishee contended that a spendthrift trust was created, and that the share of Sumner F. Goslee was not attachable in his hands for debts contracted by the said Sumner, without the consent of the said executor who was made a trustee under the terms of the said will.

The court, in an opinion by DOTY, P. J., entered judgment for plaintiff.

*Error assigned* was entry of judgment as above.

*Silas McCormick* and *Edward B. McCormick*, for appellant.

Spendthrift trusts when reasonable and clearly defined will be upheld in equity, on the ground of the testator's right of dominion over his own property, for a reasonable time: Bru baker v. Huber, 2 Dist. 703; Girard Life & Trust Co. v. Chambers, 46 Pa. 486; Keyser v. Mitchell, 67 Pa. 473; Phila. Trust Co. v. Guillou, 100 Pa. 254; Overman's App., 88 Pa. 276; Smith v. Savidge, 4 Penny. 320; Hill on Trustees, 494.

An attaching creditor stands in the shoes of his debtor, and any equities that could be set up against the latter are equally available against the former: Millinger v. Hartupee, 53 Pa. 366.

*Vin. E. Williams*, for appellee, filed no paper-book, but made oral argument before the court.

PER CURIAM, January 6, 1896:

The sole question for decision in the court below was whether, under the facts agreed upon and embodied in the case stated, the plaintiff was entitled to judgment against the garnishee defendant for the amount of the debt, interest and costs in the original judgment, and costs of the attachment execution?

We have considered the record with special reference to the question presented and are all of opinion that there is no error in the conclusion reached by the learned president of the common pleas, and hence the judgment entered in favor of the plaintiff should not be disturbed.

Judgment affirmed.